IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No. 3:24-cr-16 |
| | ) | |
| v. | ) | SENTENCING MEMORANDUM |
| | ) | |
| IVAN GALVAN, | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

The government, by and through the undersigned Assistant United States Attorney, files this sentencing memorandum in anticipation of the sentencing hearing set for November 19, 2024, at 3:00 p.m.

**TABLE OF CONTENTS**

I.   **BACKGROUND** ........................................................................................1

II.  **SENTENCING CALCULATION** .........................................................2

III. **GOVERNMENT'S RECOMMENDATION** ...........................................3

### I.   BACKGROUND

A two-count Indictment was filed on March 5, 2024, in the Southern District of Iowa, charging Ivan Galvan (Defendant) with Receipt of Child Pornography (Count One), in violation of 18 U.S.C. §§ 2252(a)(2), 2252(b)(1) and Possession of Child Pornography (Count Two), in violation of 18 U.S.C. §§ 2252(a)(4)(B), 2252(b)(2). A Notice of Forfeiture was filed pursuant to 18 U.S.C. § 2253. (Final Presentence Investigation Report, hereinafter "PSR." R. Doc. 43, ¶¶ 1-2.)

On July 1, 2024, Defendant pled guilty to Count One of the two-count Indictment. On July 19, 2024, the Court accepted Defendant's plea and adjudicated him guilty. The government has agreed to dismiss Count Two at the time of sentencing. (PSR, R. Doc. 43, ¶¶ 3-4.) Neither party submitted any objections to the PSR.

## II.     SENTENCING CALCULATION

In the presentence report paragraphs 35-48 and 102, Defendant's guideline range was calculated as follows:

| | |
|---|---|
| Base Offense Level<br>USSG §2G2.2(a)(2) | 22 |
| Specific Offense Characteristics<br>USSG §2G2.2(b)(1) | -2 |
| Specific Offense Characteristics<br>USSG §2G2.2(b)(2) | +2 |
| Specific Offense Characteristics<br>USSG §2G2.2(b)(4)(A) | +4 |
| Specific Offense Characteristics<br>USSG §2G2.2(b)(6) | +2 |
| Specific Offense Characteristics<br>USSG §2G2.2(b)(7)(D) | +5 |
| Acceptance of Responsibility<br>USSG §3E1.1(a), (b) | -3 |
| Total Offense Level | **30** |
| Criminal History Category | I |
| Guideline Sentencing Range: | 97 to 121 months |

## III. GOVERNMENT'S RECOMMENDATION

The sentencing statutes inform this Court that it must impose a sentence sufficient, but not greater than necessary, to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; to afford adequate deterrence to criminal conduct; to protect the public from further crimes of Defendant; and to provide Defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner. 18 U.S.C. § 3553(a)(2). The Court, in determining the particular sentence to be imposed, shall also consider the nature and circumstances of the offense and the history and characteristics of Defendant. 18 U.S.C. § 3553(a)(1). The sentence must "avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." 18 U.S.C. § 3553(a)(6).

The government will ask the District Court to find a final advisory guideline range of Level 30/Criminal History category I: 97 to 121 months. The statutory mandatory minimum is 60 months, and the maximum term of imprisonment is 20 years. The government is recommending a sentence within the advisory guideline range.

Over a two-and-a-half-year period, Defendant sought out, downloaded, and viewed child pornography for his sexual gratification. This child pornography included prepubescent minors as young as four-years old being forcefully sexually abused and bestiality. The guidelines adequately consider the aggravating and mitigating factors seen in this case. For instance, one of the mitigating factors include a lack of distribution in which there is a two-level decrease. Because the guidelines

3

appropriately factor in such aspects, a guideline sentence is sufficient but not greater than necessary to meet all the sentencing goals.

Defendant should be assessed restitution for the two victims who have submitted restitution requests supported by documentation of their full amount of loss incurred and the reasonable projected loss to be incurred as a result of this offense. In determining the restitution amount the Court should also determine "defendant's role in the causal process that underlies the victim's losses." 18 U.S.C. § 2259(b)(2)(B). In this case, Defendant received and possessed one image from each of the two victims, therefore, the Government would request $3,000 per victim to be assessed.

Defendant does not appear to be indigent based on the financial information outlined in the PSR. In addition, Defendant has been employed and will be employable upon release from any prison term that is imposed. Therefore, the Government would argue that under 18 U.S.C. § 2259A, the Court should assess a special assessment of not more than $35,000. Further an additional special assessment should be imposed under 18 U.S.C. § 3014 (JVTA) in the amount of $5,000.

Per the plea agreement, the Government would move for the Court to dismiss Count 2. The Government would ask that the Court to order forfeiture as outlined in the plea agreement and in the notice of preliminary forfeiture that has been filed. (R. Doc. 41.)

5

WHEREFORE, the government prays the District Court consider this sentencing memorandum in determining Defendant's final sentence.

Respectfully submitted,

Richard D. Westphal
United States Attorney

By: */s/ Melisa Zaehringer*
Melisa K. Zaehringer
Assistant United States Attorney
U.S. Courthouse
131 E. Fourth Street, Suite 310
Davenport, Iowa 52801
Tel: (563) 449-5432
Fax: (563) 449-5433
Email: Melisa.Zaehringer@usdoj.gov

**CERTIFICATE OF SERVICE**

I hereby certify that on November 12, 2024,
I electronically filed the foregoing with
the Clerk of Court using the CM ECF system.

UNITED STATES ATTORNEY

By: /s/ *Melisa Zaehringer*
Melisa K. Zaehringer
Assistant United States Attorney